IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WACHOVIA MORTGAGE ASSOC.<br><br>          Plaintiff,<br><br>     v.<br><br>OLIVIA LEE,<br><br>          Defendant. | CIVIL ACTION FILE NO.<br><br>1:11-cv-00304-TWT-RGV |

**ORDER FOR SERVICE OF FINAL
<u>ORDER, REPORT, AND RECOMMENDATION</u>**

Attached is the Final Order, Report, and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and

any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 4th day of February, 2011.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WACHOVIA MORTGAGE ASSOC. | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:11-cv-00304-TWT-RGV |
| OLIVIA LEE, | |
| Defendant. | |

**MAGISTRATE JUDGE'S FINAL**
**ORDER, REPORT, AND RECOMMENDATION**

This matter is before the Court on defendant Olivia Lee's ("Lee") affidavit and application to proceed *in forma pauperis*, [Doc. 1], and notice of removal and federal stay of eviction, [Doc. 1-1 at 1-3]. Plaintiff, Wachovia Mortgage Assoc. ("plaintiff"), initially filed this dispossessory action in the Magistrate Court of DeKalb County. [Doc. 1-1 at 4-20].[1] Lee, proceeding without counsel, seeks to remove this dispossessory action to federal court and to proceed *in forma pauperis*. [Docs. 1 & 1-1].

---

[1] Lee's notice of removal is procedurally deficient because she failed to attach a copy of the complaint from the state court case as required by 28 U.S.C. § 1446(a). Lee, however, attached copies of other pleadings from the state court action, which the Court has reviewed. See [Doc. 1-1 at 4-20]. Additionally, Lee's "Notice of Removal and Federal Stay Pursuant to 28 USCA 1446(b)" purports to set forth the grounds on which Lee seeks to remove this action to federal court. See [Doc. 1-1 at 1-2]. The Court, therefore, will consider Lee's removal petition to determine whether federal subject matter jurisdiction exists.

After consideration of Lee's affidavit of indigency, her request to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915(a). However, because Lee's petition is frivolous and fails to state a claim upon which relief may be granted in federal court, the undersigned **RECOMMENDS** that this case be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County.

"'[A]ny action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[s] . . . to the district court of the United States for the district and division embracing the place where such action is pending.'" PHH Mortg. Corp. v. Diamond, No. 1:06-CV-0673WSD, 2006 WL 839405, at *1 (N.D. Ga. Mar. 29, 2006) (quoting 28 U.S.C. § 1441(a)). "A defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). When a notice of removal is filed, however, the Court is obligated to consider, *sua sponte*, whether it has jurisdiction over the action. Bank of New York v. Wilson, Civil Action File No. 1:08-CV-332-TWT, 2008 WL 544741, at *1 (N.D. Ga.

Feb. 25, 2008), adopted at *1. "If a court does not have original jurisdiction, a district court may *sua sponte* remand a case on the basis of lack of subject matter jurisdiction." Citibank, N.A. v. Gumbs, Civil Action No. 1:07-CV-2476, 2007 WL 3491744, at *3 (N.D. Ga. Nov. 6, 2007), adopted at *1. See also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Only state-court actions that originally could have been filed in federal court may be removed." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). Federal courts have original jurisdiction over an action only if: "(1) the parties are diverse and meet the statutory requirements for diversity jurisdiction; (2) the face of the complaint raises a federal question; or (3) the subject matter of a putative state-law claim has been totally subsumed by federal law such that the state-law claims are completely preempted." Stegeman v. Wachovia Bank, Nat'l Ass'n, No. 1:06-CV-0247-WSD, 2006 WL 870420, at *1 (N.D. Ga. Apr. 4, 2006) (citing Lontz v. Tharp, 413 F.3d 435, 439-40 (4th Cir. 2005)). "Determination of whether a claim arises under federal law 'is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Wilson, 2008 WL 544741, at *1 (quoting Caterpillar, 482 U.S. at 392). Under the well-pleaded complaint rule, the plaintiff is

"the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392; Wilson, 2008 WL 544741, at *1. "In determining the presence of a federal question, this Court looks to the substance, not the labels, of the plaintiff's claims as contained in the factual allegations in the complaint." Citimortgage, Inc. v. Dhinoja, Civil Action File No. 1:10-cv-816-TCB, 2010 WL 1485674, at *2 (N.D. Ga. Apr. 13, 2010) (citation omitted).

Plaintiff filed this dispossessory action in state court, and no federal question appears to be at issue in this action. See [Doc. 1-1]. Therefore, "the dispossessory claim that forms the basis of this action is exclusively a matter of state law." Dhinoja, 2010 WL 1485674, at *2. In her notice of removal, Lee states that the underlying proceedings in the Magistrate Court of DeKalb County, Georgia, are occurring "in violation of the Uniform Commercial Code, 15 USC 1692, Rule 60 of the federal Rule of Civil Procedure." [Doc. 1-1 at 2]. The Uniform Commercial Code ("UCC"), however, has not been adopted as federal law and does not create a federal cause of action.[2] See Citibank, N.A., 2007 WL 3491744, at *4 (citing Motorola, Inc. v. Perry, 917 F. Supp. 43, 48 (D.D.C. 1996)). "Thus, a civil action based on the UCC does not arise under the laws of the United States, and, therefore, does not provide

---

[2] In addition, Lee has not alleged that plaintiff violated any state's adopted version of the UCC.

a court with federal question jurisdiction." Id. (citing Chase Home Fin., LLC v. Mungaro, No. 1:05CV3082-WSD, 2005 WL 3334451, at *1-2 (N.D. Ga. Dec. 8, 2005)).

Furthermore, the fact that Lee may intend to present a federal claim as a defense or counterclaim cannot create an independent basis for federal subject matter jurisdiction. See Citibank, N.A., 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2 (quoting Caterpillar, 482 U.S. at 393). Indeed, "[i]f a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense." Dhinoja, 2010 WL 1485674, at *2 (internal mark and citation omitted). See also Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction."); Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) ("[A] counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction."). Thus, an allegation that plaintiff violated the Federal Rules of Civil Procedure is insufficient to establish that the Court has subject matter jurisdiction in this case. PHH Mortg. Corp., 2006 WL 839405, at *2.[3]

---

[3] Furthermore, although Lee references 42 U.S.C. § 1983 in her notice of removal filed in the Magistrate Court of DeKalb County, see [Doc. 1-1 at 5], this reference was omitted in the notice of removal filed in this Court. However, even if Lee had properly asserted an allegation in her notice of removal filed in this Court that plaintiff violated 42 U.S.C. § 1983, it would still be insufficient to establish that this Court has subject matter jurisdiction over a dispossessory action originally filed

As "master of the claim," having filed for dispossession solely under state law, plaintiff cannot be subjected to federal jurisdiction in this action. Caterpillar, 482 U.S. at 392; Wilson, 2008 WL 544741, at *1. As no federal question is present in this dispossessory action, this Court is without federal subject matter jurisdiction to support removal.[4] See HSBC Mortg. Servs., Inc. v. Williams, Civil Action No. 1:07-CV-2863-RWS, 2007 WL 4303725, at *2 (N.D. Ga. Dec. 10, 2007). For these reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED** and **REMANDED** to the Magistrate Court of DeKalb County.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED AND RECOMMENDED**, this 4th day of February, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

by plaintiff in state court. See Citibank, N.A., 2007 WL 3491744, at *4; Wilson, 2008 WL 544741, at *2.

[4] Lee has indicated no basis for jurisdiction on the Civil Cover Sheet, and has indicated that the defendant is a citizen of the state of Georgia. [Doc. 1-2 at 1]. Lee, as a Georgia resident, cannot therefore remove this case on the basis of diversity jurisdiction. See 28 U.S.C. § 1441(b). Furthermore, Lee does not assert jurisdiction on the basis of diversity, but to the extent she may intend to assert such jurisdiction, she has failed to show a basis for diversity jurisdiction as she has not shown any amount in controversy, and both plaintiff and Lee appear to be Georgia residents. See 28 U.S.C. § 1332(a).